**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ABDULMALIK HUSSAIN ALI,**

        **Plaintiff,**             **CIVIL ACTION NO. 09-CV-12850**

  **vs.**

                            **DISTRICT JUDGE PAUL D. BORMAN**

**COMMISSIONER OF**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:** Defendant's Motion to Dismiss (docket no. 12) should be GRANTED

and the instant case dismissed.

***

Plaintiff filed the instant complaint on July 20, 2009 seeking review of the final decision of

the Commissioner of Social Security denying his application for Disability Insurance Benefits and

Supplemental Security Income. (Docket no. 1). On November 4, 2009, Defendant filed a Motion

to Dismiss claiming that the instant complaint was untimely filed. (Docket nos. 12). Defendant's

Motion to Dismiss was accompanied by supporting documents of the administrative proceedings

in this matter and the August 28, 2009 Declaration of Earnest Baskerville, Court Case Preparation

And Review Branch 3, Office of Disability Adjudication And Review, Social Security

Administration. (Docket no. 12-2). Mr. Baskerville declares that he is responsible for processing

claims, that Plaintiff Ali's file is within his custody, and that the file was examined under his

supervision. Mr. Baskerville sets forth, to the best of his knowledge and belief, the proceedings and

attendant dates as they appear in the supporting documents filed as exhibits. (Docket no. 12-2).

Plaintiff timely filed a response to Defendant's motion on December 9, 2009. (Docket no. 17). For

the following reasons, the Court recommends that Defendant's Motion to Dismiss be granted.

Title 42 U.S.C. section 405(g) provides that:

> Any individual, after any final decision of the Commissioner made
> after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action
> commenced within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commissioner may
> allow.

An individual is presumed to have received "notice" of the Commissioner's decision five days after

the mailing of such notice. 20 C.F.R. §§ 404.981, 416.1481, 404.901, 416.1401 and 422.210(c).

The ALJ denied Plaintiff's applications in a decision dated March 29, 2007. (Docket no. 12-4). The

Appeals Council denied Plaintiff's request for review of the ALJ's decision in a Notice dated

October 17, 2008.[1] (Docket no. 12-5). On December 17, 2008 Plaintiff requested an extension of

---

[1] Defendant submitted the Notice of Appeals Council Action which indicated:

**How to File a Civil Action**
You may file a civil action . . . by filing a complaint in the United States District
Court for the judicial district in which you live. . . .

**Time to File a Civil Action**
You have 60 days to file a civil action (ask for court review).
The 60 days start the day after you receive this letter. We assume you received this letter 5 days
after the date on it unless you show us that you did not receive it within the 5-day period.
If you cannot file for court review within 60 days, you may ask the Appeals Council to extend
your time to file. You must have a good reason for waiting more than 60 days to ask for court
review. You must make the request in writing and give your reason(s) in the request.

(Docket no. 12-5, Notice of Appeals Council Action).

time to file his complaint with the Court. (Docket no. 12-6). He provided as a reason that he had been looking for an attorney and could not find one and that he did not know until November that he could file a claim with the District Court. (Docket no. 12-6). On April 21, 2009 the Appeals Council granted his request for an extension. (Docket no. 12-7). The Appeals Council extended the time within which Plaintiff could file a civil action "for 30 days from the date you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Docket no. 12-7).

Plaintiff did not file his civil action within the extended time period granted by the Appeals Council's April 21, 2009 Notice. On May 6, 2009 Plaintiff requested yet another extension, again alleging that he needed additional time to secure counsel. (Docket no. 12-9). On July 20, 2009 Plaintiff filed his civil action in this Court. On August 21, 2009 the Appeals Council denied Plaintiff's request for another extension of time, citing Plaintiff's initial request for extension and the Appeals Council's April 21, 2009 Notice granting an additional thirty days to secure counsel, and finding that Plaintiff had not demonstrated a reason for filing past the initial extension. (Docket no. 12-10). Plaintiff's initial civil action, without the extension to respond, would have been due December 22, 2008. After the Appeals Council granted Plaintiff's first request for extension, Plaintiff was required to file his civil action on or before May 26, 2009. Plaintiff failed to do so and did not file his civil action until July 20, 2009, 55 days after the deadline. (Docket no. 1).

The Court reviews the motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 56(b) because the parties have submitted affidavits and documents presenting matters outside of the pleadings. It is well-settled in the Sixth Circuit "that the 60-day time limit presents a jurisdictional issue, and that if the limitation period is not satisfied the case must be dismissed for

lack of subject matter jurisdiction." *Peel v. Sec'ty of Health and Human Servs.*, 793 F.2d 1293, *2 (6th Cir. 1986) (plaintiff failed to submit evidence supporting assertion that he received the Appeals Council's notice two days later than the date presumed).

Plaintiff in his Response to Defendant's Motion to Dismiss asserts that there is "no reason to dismiss" his Social Security Disability case. He alleges that "Social Security refused to tell" him "when to file" and that because he is a disabled person and "no attorney or friend" helped him, he should have more time to file his action. (Docket no. 17).

Plaintiff has neither alleged nor shown that he failed to receive the Appeals Council Notices. He has alleged no extraordinary circumstances under which the time for filing his civil action should have been tolled. The documents sent by the Appeals Council to Plaintiff clearly set forth the deadlines by which he was to file his civil action. (Docket nos. 12-5, 12-7). Plaintiff had notice of the deadlines to file his civil action and filed both requests for extension prior to the deadlines. Ultimately, Plaintiff had over seven months from the Appeals Council's denial of his Request for Review to timely file his civil action and locate counsel. Plaintiff finally filed his action without the aid of counsel and he could have timely done so prior to the May 26, 2009 deadline. The Court should find that the 60-day limitation period and the following 30-day extension of time to file was not satisfied. This Court does not have subject matter jurisdiction over Plaintiff's case and it must be dismissed.

Defendant's Motion to Dismiss (docket no. 12) should be granted and the instant case dismissed.

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Dated: March 04, 2010     s/ Mona K. Majzoub
             MONA K. MAJZOUB
             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Abdulmalik Hussain Ali and Counsel of Record on this date.

Dated: March 04, 2010     s/ Lisa C. Bartlett
             Lisa C. Bartlett
             Case Manager