UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULMALIK HUSSAIN ALI,

        Plaintiff,

                              Civil Action No. 09-CV-12850

vs.                            United States District Judge Paul D. Borman

                              Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DKT. NO. 20); AND
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION TO DISMISS/
FOR SUMMARY JUDGMENT (DKT. NO. 19)

      Before the Court are Plaintiff Abdulmalik Hussain Ali's Objections (Dkt. No. 20) to Magistrate Judge Mona K. Majzoub's March 4, 2010 Report and Recommendation (Dkt. No. 19). The Commissioner filed a response to Plaintiff's Objections on March 31, 2010. (Dkt. No. 21.) The Court now reviews the Objections, Report and Recommendation, and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

I.     BACKGROUND

      This case involves Plaintiff's failure to timely file his civil action in this Court seeking review of the final decision of the Commissioner of Social Security denying his application for

1

Disability Insurance Benefits and Supplemental Security Income. On March 29 2007, the ALJ denied Plaintiff's application for benefits. (Dkt. No. 12-4.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision in a Notice dated October 17, 2008. (Dkt. No. 12-5.) On December 17, 2008, Plaintiff requested an extension of time to file his Complaint in this Court, stating that he was unable to secure counsel. (Dkt. No. 12-6.) The Appeals Council granted Plaintiff's request for an extension of time in a Notice dated April 21, 2009, granting Plaintiff 30 additional days from the date on which he received the Notice (presumed to be 5 days after the date of the letter) in which to file his claim in this Court, giving Plaintiff until May 26, 2009 to file his Complaint in this Court. (Dkt. No. 12-7.) On May 6, 2009, Plaintiff filed another request for extension of time to file in this Court, stating that he could not comply within the 30 days granted in the Appeals Council's April 21, 2009 Notice. (Dkt. No. 12-9.) On August 21, 2009, the Appeals Council denied Plaintiff's second request for an extension of time. (Dkt. No. 12-10.) On July 20, 2009, nearly two months beyond the May 26, 2009 extended deadline granted by the Appeals Council in its April 21, 2009 Notice, Plaintiff filed the instant Complaint in this Court.

## II.  ANALYSIS

The Court agrees with the Magistrate Judge's conclusion that this Court lacks jurisdiction over Plaintiff's untimely filed Complaint. 42 U.S.C. § 405(g) states that a civil action seeking judicial review of the final order of the Commissioner must be filed within 60 days after mailing of the notice of the Commissioner's final decision. This sixty day statutory limitation period can be extended only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York,* 476 U.S. 467, 480 (1986) (quoting *Matthews v. Eldridge*, 42 U.S. 319, 330 (1976)). It is well settled that the 60-day

time limitations of section 405 are jurisdictional, and that if the limitation period is not satisfied the case must be dismissed for lack of subject matter jurisdiction. *Whipp v. Weinberger*, 505 F.2d 800, 801 (6th Cir. 1974). "If the request for review has not been filed within sixty days, the right provided by the statute cease[s] to exist, and the present action [is] properly dismissed." *Id*. at 801. The ability of the Appeals Council to grant extensions of time serves to mitigate any harshness that might result from a strict application of this rule. *Id*. *See* C.F.R. § 404.954.

In the instant matter, Plaintiff was granted an extension of time by the Appeals Council and still failed to timely file his claim in this Court. Plaintiff does not contest the time frames set forth in the Commissioner's motion to dismiss and does not deny that he has not timely filed his action in this Court. Rather, Plaintiff continues to offer the same reasons which he has put forth since he originally sought an extension of time on December 17, 2008, i.e. that he has been unable to secure counsel and that his medications interfere with his sleep and his ability to meet the specified time frames. (Pl.'s Obj. 1.) These purported justifications do not meet the standards for good cause set forth in 20 C.F.R. §404.982 and, in any event, are belied by the fact that Plaintiff was able to file requests for extensions of time within the very time frame that he claims he was unable to file his case in this Court. As the Magistrate Judge summarized:

> Plaintiff had notice of the deadlines to file his civil action and filed both requests for extension prior to the deadlines. Ultimately, Plaintiff had over seven months from the Appeals Council's denial of his Request for Review to timely file his civil action and locate counsel. Plaintiff finally filed his action without the aid of counsel and he could have timely done so prior to the May 26, 2009 deadline.

(Report and Recommendation, p. 4.) This Court agrees with the Magistrate Judge's ruling.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and

3

Recommendation (Dkt. No. 19), DENIES Plaintiff's Objections (Dkt. No. 20) and GRANTS Defendant's Motion to Dismiss/For Summary Judgment (Dkt. No. 12).[1]

IT IS SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2010.

S/Denise Goodine
Case Manager

---

[1] Because the parties presented matters outside the pleadings, Magistrate Judge Majzoub properly reviewed the motion as one for summary judgment under Fed. R. Civ. P. 56(b). (Report and Recommendation, p.3.)